Henry Dumas v. Commissioner.
Dumas v. Commissioner
Docket No. 18427.
United States Tax Court
1950 Tax Ct. Memo LEXIS 122; 9 T.C.M. (CCH) 693; T.C.M. (RIA) 50196; August 15, 1950
*122 Since petitioner received no unreported income in the taxable years, respondent erred in his determination of deficiencies. Henry Dumas, pro se. T. M. Mather, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies and penalties as follows: Year
Tax
Penalty
1944
$117.89
$58.94
1945
139.09
69.54
1946
136.67
68.34
At the hearing respondent specifically waived the penalties, leaving in issue only the deficiencies in tax. [The Facts] Petitioner is a Pullman porter, running out of Salt Lake City, Utah. During the taxable years he returned no tips as income and deducted modest amounts as unreimbursed expenses. Respondent disallowed part of the expense on the theory that petitioner received tips in sufficient quantity to equal his expenses. Such amounts were added to income. In addition, he added small amounts as tips received in excess of expenses. All of these adjustments were arbitrarily made, being arrived at by mathematical computation in which arbitrarily determined figures and percentages were used. At the hearing petitioner appeared in his own behalf without *123 counsel. He impressed the Court with his frankness, fairness and truthfulness. He testified that during the years 1944, 1945 and 1946, he worked as an extra porter almost exclusively on troop trains or military cars attached to regular trains. On these trains and in these cars signs were posted cautioning the military personnel against tipping. Petitioner testified categorically that he received no tips during the taxable years. On cross examination he maintained his position. We believe he was telling the truth and that the facts were as he stated them to be. We do not believe he failed to report any part of his income. [Opinion] Assuming that respondent was justified in adopting the theory and procedure used in determining petitioner's income by disallowing a proper deduction (as to which we refrain from comment), from the above findings it follows that respondent was in error in disallowing petitioner's expenses and adding the sums so disallowed to income. Since petitioner received no tips, his tax return was correct and should have been approved. Decision will be entered for the petitioner.